Thank you to your honors, and may it please the court, Arthur Trevieso, appearing on behalf of the appellants Malou Avakian and Jeffrey Garcia. The reason we're here today, and I do wish to indicate to the court, I would like to try to reserve three to five minutes of my argument at the end. This case is before the court on two points. The first is what I call the easy point. The one that's the easiest way for this court to make the right decision and reverse and remand this matter back to the trial court. And that concerns the leave to amend issue, which I'll get to briefly. The second of these takes a little bit more time, but I still think leads to the same result, reverse and remand to the trial court. That is with regard to what we consider to be the improper denial of the 12B6 motion that brings us here today. Let's talk first about the issue of leave to amend. In this particular instance, I argued this 12B6 motion before the court. Another attorney from Mr. Curtis's office argued the issue. This court, as the court's aware, gets to do a de novo review because of the fact that no leave was granted. Therefore, it operated as a dismissal. But when it comes to looking at this refusal to grant leave to amend, the court needs to be should be reminded of the fact that denial of leave to amend is strictly reviewed. That's straight out of the 1996 Ninth Circuit case. The circuit rendered a decision in Sisselton, Wapleton, Sioux Tribe versus United States, stating exactly that. So it is the highest standard of review and must be viewed with great suspicion. Now, counsel is going to argue, well, you had you had two tries and you were on a second amendment complaint and you got you had more than enough chances to try to do that. There is nothing in 12B6 or its case law that sets a strict limit on the number of tries you get to amend. In fact, the two cases that we cited, the Luera's case against BAC home loans, which is the California 4th District Court of Appeal case, which is binding law in our in the particular district we find ourselves in, as well as the Alvarez, also versus BAC home loan servicing, came to the same conclusion. And in both of these cases, in in the Alvarez case, we are dealing with a second amended complaint, exactly the same as the situation in which the trial court denied leave to amend. And the this the appellate court, the 4th District Court of Appeal, excuse me, excuse me, the 1st District Court of Appeal in this particular case indicated that it needed to be reversed and remanded. Are we dealing with state law on this issue? This is seems to me an issue of federal law. I understand that it's a 12B6 motion versus a demurrer, but I think it's nonetheless instructive. And one reason why I bring it up, Your Honor, is because of the fact that this is a case that originated in California court. Wells Fargo, as is its tactical practice, tries to get these cases removed, and in this case successfully did so. I can represent to the court that this complaint that is the subject of our dispute is not the first, is not my first rodeo into litigation against Wells Fargo or litigation against lenders that have engaged in these predatory lending practices that have disenfranchised homeowners, caused them to lose their homes while being lured under the false representation that they're still being considered for a home loan modification. At the same time, that dual tracking is occurring, which is expressly prohibited under substantive law. The Homeowners Bill of Rights, which is codified in the civil code in California, which is applicable still in this matter. That's not a procedural issue. That's a substantive law issue. I have never had a successful demurrer to this kind of complaint in a state venue. This is the first time it's ever happened, and we contend that Wells Fargo shouldn't be enriched by forum shopping. They shouldn't be allowed to get out of having to answer. Again, we're not talking about whether they should win or lose, but whether my clients should get the chance to prove their case, because that's what they've been effectively denied. In this particular instance, in fact, if the court looks at the reasoning, we'll get more to that in a bit. But if the court gets to the issue of the substantive reasoning behind the complaint, the court will find that the standard that was used by the trial court, both in terms of its justification for denying leave to amend, primarily, as well as to grant the 12B6 motion, really makes it sound like it's a granting on a Rule 56 motion, a motion for summary judgment, because it wasn't talking about the sufficiency of the allegations. And in fact, if the court looks at the appellee's brief, the appellee's brief reads like it's trying to justify the granting of a Rule 56 motion. Basically, and interestingly enough, in effect, that's exactly what happened, because by not granting leave to amend, this got turned into a Rule 56 motion. You had two opportunities to amend. I'm sorry, Your Honor? I said there were two. This would have been your third complaint. It would be the third version of the complaint. And why are you entitled to a third version, and do we accord the district judge greater discretion under these circumstances? Certainly, the issue is an abuse of discretion standard, Your Honor, but as I indicated before in this body's own previous words, denials of leave to amend are strictly, that's the word, strictly reviewed. So I don't know how much deference, how much broad deference can be given if this court, if this body itself, the Ninth Circuit, has stated in the past that these denials are strictly reviewed. Counsel, Judge Gould, if I could interject. Certainly. I think, at least speaking as one judge, we are definitely reviewing for abuse of discretion. And if that's the case, I wanted to know if you can cite me any Ninth Circuit case where we've said that denial of a third amended complaint was an abuse of discretion. I could not find any such case, nothing that's gone up on appeal and been a published case. But if the court looks at both Alvarez and Luera, both Alvarez and Luera, we have a situation that we're not at a third amended complaint, Your Honor. Alvarez is right on point in saying that. Now, again, I understand that's a state case, but in my view, it is instructive. My question, though, Mr. Trevizo, was whether there was any Ninth Circuit case that has done that. No, there is none. There is none in either direction. There's neither one justifying it nor disapproving of it, or else I'm certain my esteemed counsel would have been happy to bring it to the attention of the court. So we're in essentially a situation of first impression, at the very least, in terms of there being an absence of an appellate record. Nevertheless, sorry? I just said thank you. Oh, thank you, Your Honor. May I proceed? Thank you. So in this situation, it was represented to the court by me specifically, to the court, that we had the ability to further allege in more detail. Although our position remains, and we're going to get to the substantive issue shortly, that leave to amend should have been granted. That would have been the simple solution that would have kept this from coming here. The judge took it under submission. I appreciate the fact that the court at least thought about it further because its original tentative was to deny leave, but ultimately it decided to stand by its tentative. In our opinion, that is an abuse of discretion. Under both Alvarez and under Luera's, both of those cases stand for the proposition that this case would still exist. The only reason it didn't exist is because – it doesn't exist is because Wells Fargo forum shopped, got itself in the federal court, and got this matter heard by a different judge. And obviously there's a reason they do this. I've seen them try to do it in other instances. It's part of the very pattern and practice that we're asserting, which is abused by Wells Fargo here. Ultimately, at its core, what Wells Fargo and sadly other lenders like BAC, which finds itself named in not one but two appellate cases we cited, is that they engage in dual tracking, something expressly prohibited, where they literally at the same time that they are representing to the homeowner, the aggrieved homeowner, that yes, we're looking at your home loan. We're going to look at loan modification to help keep you in your home. And they're giving that kind of pitch to these aggrieved homeowners simultaneously behind the scenes are building a case up toward foreclosure. My client's not – and this actually kind of shifts us into – Mr. Traviasso. Yes. Just wait a second. I have a question for you. My question is this. When you said you wanted to do a third amended complaint, did you attach that complaint to your request so the court would see what else you were going to add? I could not, Your Honor. I offered to have the court continue the matter and allow me to either further brief the issue or provide a proposed third amended. We received the tentative at the day of the hearing. We did not receive an advanced tentative. So I had no notice that the court's tentative was to do this. Or else, of course, I would have done so. I offered to do so. The court simply ultimately, after hearing our argument, said it would take the matter under submission. And my thought was that the court at this point would have at least asked me for that. It did not. It simply stuck by its tentative. In my view, and I think the court brings up a good point, that would have been a simple way for the court to evaluate the possibility of amendment. Are we going to be doing this 12B6 motion another time or not? That would have been possible. That might have been a good middle ground to say I'm sustaining and you're going to have to show me your complaint and I'm going to have to look at it before I decide to give you leave to amend. I don't know if that's technically within the FRCP, but I certainly think it's a good practical suggestion. I think I represent to this body, as I represented to the trial court and his Honor, Judge Fitzgerald, that we could address these deficiencies. It's not like the facts don't exist. This particular issue, and I barely touched on the substantive issue, but we think that the 12B6 was inappropriately granted that we had adequately pled these allegations. That my clients not once but twice submitted a complete loan modification. The fact that Mr. Curtis and his client wants to argue that the second modification was incomplete itself shows that we have a dispute, a factual dispute. This is not something that would be subject to a 12B6. We adequately pled it was complete, and they're asserting it isn't. This case should be permitted to proceed forward. And the beauty of it is that the FRCP allows Mr. Curtis a remedy down the road that would be fairer to my clients. If Mr. Curtis's case is so strong and so irrefutable and there really are no triable issues, we all sitting here today know exactly the vehicle that he should be employing. And that is after discovery is done, he brings his Rule 56 motion and the court makes a call on that and the chips fall where they do. But that to me, at the very least, gives my clients the opportunity to present their case. Ironically, both cases for oral argument today have both involved due process, albeit of a different kind. In this case, my clients haven't even had the chance to do discovery. A lot of what they can get to prove their case, they can't get until we get to discovery. By Wells Fargo heading us off at the pass, to borrow a Western metaphor, they are preventing the very discovery that would allow us to have more detailed allegations. We're basically trying to figure out and trying to assert fraudulent conduct that by definition, because it's concealed, is not easy for us to delineate with particularity. And ultimately, the goal of the rules of procedure are to create an orderly way for the parties to proceed through litigation so that we have a complaint. And we're in the federal courts or a notice fleeting jurisdiction. Wells Fargo is well aware of what is what's being asserted against it. They should be. We should have been given at the very least leave to amend. And frankly, I think the 126 motion shouldn't have been granted. They should have stood. They should have had to answer. We do discovery. And down the road, if if Mr. Curtis and his clients believe that they've got that strong of a case, a rule 56 motion is a far fairer way to determine that, because at the very least, now we're dealing with evidence and discovery. And the parties have had a chance to do to do one and gather one. And at that point, at the very least, we're closer to my clients getting due process, having their complaint dismissed without leave to amend, especially where I've made an affirmative representation to the court that we can add further allegations, frankly, ones that border on turning us into a code pleading situation. We can do it. We can amend. I represent that to the court. And I believe the trial court was wrong in denying that. I'm sorry, I went a bit over. I would ask the court for given some of the questions, if I could have a few minutes at the end for a brief rebuttal. Thanks, Mr. Although your time was allowed, I will give you 3 minutes of extra time. Thank you for a bottle. Mr. Curtis, if you need more than your 15 minutes, you can have up to another 3 minutes. Thank you, Your Honor. So good morning. Casey Curtis on behalf of the Appley Wells Fargo. And I guess I would like to just begin very briefly by talking about the men issue that I think was the focus of opposing counsel's argument today. And in particular, I think what I really would like to emphasize on that point is, I think, something that you reached out to school, which is that there was an absence of a proper here. Leave to amend is reviewed for abuse. But part and parcel to whether there's an abuse of discretion is a proper what the proposed amendment would be and how it would cure the deficiencies in the complaint. Some of the issues with respect to the complaint, I would submit cannot under any circumstances be cured by amendment, because we're talking about allegations of things that you just legally cannot serve as a predicate for wrongful foreclosure claim. As I'll touch on very briefly, because they don't demonstrate that the foreclosure would be unauthorized and wholly unauthorized under California law. So in that regard, what I understand where opposing counsel is coming from in terms of his focus on that, there was a denial of leave to amend that leave to amend is liberally granted. I don't think it's as formalistic as you should have three, four or five bites at an apple. I think the correct application of the rules is to look at the complaint and say, does it a legislation claim? Motion dismiss is properly granted with respect to it. And as to whether leave to amend should be granted. I know the general practice amongst district courts is to kind of pivot and then see how the allegations go. But I think the actual technical right thing to happen is that there should be a pro offer and an event of a proffer that would say, here's how the amendments would be deficiencies would be cured. Then leave to be granted. But in the absence of it, there is no abuse of discretion. As I'm sure court has seen in some cases and I'm familiar with, sometimes you see the proffer being made on appeal. We don't have that here. We just have a general argument that I would have been able to cure them without specific discussion of what the allegations would be and how those allegations would be amended. Turning then just kind of very briefly to the merits of the complaint, why we think the motion dismiss was properly granted in the first instance, you know, as to the wrongful foreclosure claim. And I don't mean to belabor the point you made in our briefs, but, you know, under California law, that's a that's a very limited and specific thing. We have wrongful foreclosure, a tort claim for monetary damages and wrongful foreclosure, which is kind of an equitable action to set aside for a closure sale. But in either circumstances, California law establishes that the elements of either the same, you have to demonstrate a basically lack of authority to foreclose. The entire foreclosure was unauthorized and shouldn't have proceeded. We have a number of alleged violations of procedural statutes that are referenced. We cited some cases in our answering brief that addressed at least one of the provisions related to the early recording of the notice of trustee sales that that would not make the foreclosure sale unauthorized would be a technical violation. Likewise, I think the provisions, the allegations with respect to the notice of postponement, I think the statute there expressly says I would not invalidate the validity of the foreclosure. What that kind of takes me to just very briefly is, you know, H4 or the California Homeowners Bill of Rights, which was really the legislators response to the California legislators response to, you know, perceived inadequacies in California common law. Vis-a-vis, you know, wrongful foreclosure claims and providing a substantive right with respect to bringing an actual action to join an ongoing foreclosure and then post foreclosure in action for monetary damages, but only for specific enumerated provisions. And the only specific enumerated provisions we have in this case that would issue are the prohibitions against dual tracking. And I think what we tried to explain in brief, and I think this is the key point for resolving those claims, you know, concerns the fact that this was a second loan modification application. And 2329.6, I think, is the statutory provisions specifically says vis-a-vis a second application, there's actually no duty to review it unless the borrower demonstrates a material change in financial circumstances. We don't have any allegations of material change in financial circumstances. Instead, we have allegations that it was denied and then two months later, there was a resubmission, that would be the type of circumstance that the code will provide. There is no duty upon the lender to review. Likewise, I think the district court focused on the completeness issue. I think admittedly, that's a little bit more fact-intensive and the court need not address it insofar as it rules in the first instance on the idea that it was a second loan modification application and there was no duty to review it absent the allegations of material change in financial circumstances. Just very briefly, with respect to the negligence and fraud claims, you know, the negligence one is probably the big open issue, because I think as we've explained in our briefing, that question, we have a split in California courts about the scope of a duty owed in the context of a loan modification application, whether a lender owes a duty to the borrower. Some cases, Alvarez, which is the one the opposing counsel cited, have concluded there are. Other courts have concluded they're not. The most recent formulation of this issue, I think, was what the California Court of Appeal addressed in Sheen v. Wells Fargo, which is the case we excited in our brief and explained is now before the California Supreme Court. They're relying upon, I think, the most recent economic loss court rule case that had been before the California Supreme Court. The Intermediate Court of Appeal in that case concluded that there is no duty because it's a reliant upon their statement. This is a circumstance that's governed by contract, and therefore there would be no negligence duty that we would submit that that's the right formulation. That said, recognizing the court's function under Erie is to predict what the California Supreme Court is going to do. And the issues now before the California Supreme Court, I don't think it would be wrong if the court wanted to stay the case pending the outcome in Sheen to see what happens. Finally, just very briefly with respect to fraud, I think the key there and the easiest way to resolve that claim is the lack of detrimental reliance. We have allegations of alleged misstatements that happen, but we don't have any explanation of how that led the borrowers to change their position and detrimental reliance on that. And absent those allegations, we don't think that the adequately alleged fraud claim. So unless there's any further questions, I'm happy to submit. Okay. Any questions from Judge Corman or from Joe Jones? No, none here. Also. Okay, then, Mr. Treviso. Thank you. May I please the court. The issue, Mr. First of all, I want to thank Mr. Christopher is a very well stated, very brief argument. And also for a suggestion regarding the possibility of this court exercising its discretion for a stay. I wouldn't be opposed to that, because I do think that that case may be somewhat instructive. Nonetheless, with regard to the issue of the leave to amend. I agree with Mr. Curtis's statements that there isn't a bright line, but I disagree with the conclusion that in this case, it was appropriate to do. We weren't asked as I indicated before we were not asked by the appellate by the trial court to do a 30 minute complaint and I didn't find out about the tentative ruling until the morning that I arrived about 20 minutes before my matter was called. I had no ability to even address that issue, nor was it even discussed. I've never seen that. I've not personally ever seen that done in either state or federal court at the six or demur stage. But nonetheless, I think, as I said before, I think that would have been appropriate and a good way to strengthen the court's decision in this instance, which I think was well intended but flawed. My clients, if the court's going to say, well, you should have anticipated given that there had been prior demurs. Well, Mike, I don't represent Wells Fargo. I represent two clients that are a mother and a father, and they own a small business. And we're talking about people who are facing a foreclosure, who are behind. These are not people that can afford me to be doing extra work because of the theoretical possibility someone might ask me to do it. Certainly, if the court had asked me to do it, I would have done it. And the court would have made a decision as to whether or not they were sufficient. That didn't happen. I don't think my clients, because of the fact that they can't afford to just do every single thing possible or contemplatable, that that should be held against them. Moving on to the actual allegations, Mr. Curtis, both in the brief and today, has talked about these violations of the Homeowner's Bill of Rights as being technical violations. Well, first of all, they're violations. But secondly, they're not technical. At the crux of our case is our clients twice produced a homeowner's loan modification package. The second time they did so, they did so at the request of Wells Fargo. That's asserted in our complaint. So to say that somehow – so if you were to buy Mr. Curtis's argument, it would literally put us in a position where Wells Fargo created its own escape hatch by being able to say, well, we don't have a duty because it's a second go around. Well, it's only a second go around because you've asked for it. You're the one who asked for a second go around. Ultimately, the thrust of this is Wells Fargo violated the Homeowner's Bill of Rights. It lied to my clients both by affirmative misrepresentations as well as by concealment. We pled all those things, and we believe at a bare minimum we should be given the opportunity for one more shot at this. I will represent to the court if the court grants a subsequent 12B6 and denies leave to amend on my subsequent complaint, on my honor as an attorney, I will not appeal that decision. But we should be given an opportunity to try because wrong was done against my clients by Wells Fargo as it is done against many people. And they shouldn't be allowed to get away with it. With that, I submit and thank the court for its time. Thank you, Mr. Chavez. So, unless one of my colleagues has a question, and I have none. This Wells Fargo case of Argan versus Wells Fargo shall now be submitted, and the parties will hear from us in due course. Thank you. I think the court asks that you stay safe. Okay, thank you both.
judges: Gould, Owens, Korman